FILED
UNITED STATES DISTRICT COURT
· · · · · · · ·

JAN 1 1 2010

GREGORY C. ... ...
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02538-BNB

ANDRE J. TWITTY, also known as
ANDRE TWITTY, also known as
A. J. TWITTY,

      Applicant,

v.

BLAKE DAVIS,

      Respondent.

---

## ORDER OF DISMISSAL

---

Applicant, Andre J. Twitty, also known as Andre Twitty and as A. J. Twitty, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. Mr. Twitty filed *pro se* an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a prisoner's motion and affidavit for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. He was granted leave to proceed pursuant to § 1915.

The Court must construe liberally Mr. Twitty's filings because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the amended application will be denied.

On November 30, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Twitty to show cause within thirty days why the amended application should not be denied because he has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the United States District Court for the Northern District of Georgia (Northern District of Virginia).  On December 2 and 10, 2009, Mr. Twitty filed motions titled respectively "Motion to Supplement the Motions on File, Brief in Support" and "Motion to Supplement the Motion on File, Brief in Support."  To the extent Mr. Twitty seeks to supplement his amended habeas corpus application, the motions will be granted.  To the extent he seeks his release, the motions will be denied.  On December 23, 2009, Mr. Twitty filed a letter to the clerk of the Court with 163 pages of attachments.  It is not clear to the Court whether any of the December filings is in response to the November 30 order to show cause.

A review of this Court's docketing records reveals that this is the seventh 28 U.S.C. § 2241 habeas corpus application Mr. Twitty has filed in this Court challenging his conviction in the United States District Court for the Northern District of Georgia (Northern District of Georgia).  "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir.2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001). Therefore, some of the information in this order is taken from prior § 2241 actions Mr. Twitty has initiated in this Court.

In 1999, Mr. Twitty was convicted, following a jury trial in the Northern District of Georgia, in criminal case number 98-00374-CR-1-1, of wilfully communicating a bomb threat via the telephone and threatening federal law enforcement officers and their immediate family members.  He was sentenced to 180 months in prison followed by three years of supervised release.  On direct appeal, the United States Court of Appeals for the Eleventh Circuit (Eleventh Circuit) affirmed both his conviction and sentence.  *See United States v. Twitty*, No. 99-12706, 31 Fed. Appx. 934 (11th Cir. Jan. 8, 2002) (unpublished), *cert denied*, No. 01-9256, 535 U.S. 1029 (Apr. 22, 2002). In 2002, the Northern District of Georgia denied his motion pursuant to 28 U.S.C. § 2255 (2006) to vacate, set aside, or correct sentence.  On appeal, the Eleventh Circuit denied a certificate of appealability.  *See Twitty v. United States*, No. 04-12805 (11th Cir. Apr. 25, 2005) (unpublished order).

In 2006, in a prior 28 U.S.C. § 2241 action he initiated in this Court, Mr. Twitty attacked his Northern District of Georgia conviction and sentence.  *See Twitty v. Wiley*, No. 06-cv-00177-ZLW (D. Colo. Mar. 29, 2006), *aff'd*, No. 06-1234 (10th Cir. July 17, 2006), *cert. denied*, No. 06-6290, 549 U.S. 967 (Oct. 10, 2006).  In 2007, he again attacked his conviction and sentence.  *See Twitty v. Wiley*, No. 07-cv-02441-ZLW (D. Colo. Mar. 3, 2008), *appeal dismissed*, No. 08-1118 (10th Cir. June 11, 2008), *appeal dismissed*, No. 08-1277 (10th Cir. Oct. 29, 2008).  In 2008, he again attacked his conviction and sentence.  *See Twitty v. Wiley*, No. 08-cv-02119-ZLW (D. Colo. Nov. 17, 2008), *appeal filed*, No. 09-1008 (10th Cir. Dec. 31, 2008); *Twitty v. Wiley*, No. 08-cv-02717-ZLW (D. Colo. Mar. 25, 2009); and *Twitty v. Wiley*, No. 08-cv-02823-BNB

3

(D. Colo. Feb. 13, 2009), *appeal filed*, No. 09-1007 (10th Cir. Mar. 12, 2009). In 2009, he again attacked his conviction and sentence. *See Twitty v. Wiley*, No. 09-cv-00906-ZLW (D. Colo. June 24, 2009). In the instant action, Mr. Twitty once again attacks his conviction and sentence.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention . . . and must be filed in the district that imposed the sentence." *Id.* (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus application pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson*, 347 F.2d at 366.

Courts have found the remedy provided in 28 U.S.C. § 2255 to be inadequate or ineffective only in extremely limited circumstances. *See, e.g., Spaulding v. Taylor*, 336 F.2d 192, 193 (10th Cir. 1964) (§ 2255 remedy is ineffective when the sentencing

court is abolished); *Stirone v. Markley*, 345 F.2d 473, 475 (7th Cir. 1965) (suggesting

that § 2255 remedy might be ineffective when the sentencing court refuses to consider

the § 2255 petition altogether or when the court inordinately delays consideration of the

petition) (dictum); *Cohen v. United States*, 593 F.2d 766, 771 n.12 (6th Cir. 1979)

(noting that § 2255 remedy is ineffective when petitioner is sentenced by three courts,

none of which could grant complete relief) (dictum).

The fact that Mr. Twitty previously was denied relief in the sentencing court

pursuant to 28 U.S.C. § 2255 does not mean that the remedy provided in § 2255 is

inadequate or ineffective. *See Williams*, 323 F.2d at 673. Furthermore, the fact that

Mr. Twitty may be barred from filing a second or successive § 2255 motion also does

not mean that the remedy available pursuant to § 2255 is inadequate or ineffective.

*See Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999). Therefore, the

amended application will be denied because Mr. Twitty has an adequate and effective

remedy pursuant to § 2255 in the Northern District of Georgia. Accordingly, it is

ORDERED that the amended habeas corpus application filed by Applicant,

Andre J. Twitty, also known as Andre Twitty and as A. J. Twitty, is denied and the

action dismissed because Mr. Twitty has an adequate and effective remedy pursuant to

28 U.S.C. § 2255 in the United States District Court for the Northern District of Georgia.

It is

FURTHER ORDERED that, to the extent Mr. Twitty seeks to supplement his

application through the motions he filed on December 2 and 10, 2009, titled

respectively "Motion to Supplement the Motions on File, Brief in Support" and "Motion to Supplement the Motion on File, Brief in Support," the motions are granted. It is

FURTHER ORDERED that to the extent Mr. Twitty seeks his release through the motions he filed on December 2 and 10, 2009, titled respectively "Motion to Supplement the Motions File, Brief in Support" and "Motion to Supplement the Motion on File, Brief in Support," the motions are denied. It is

FURTHER ORDERED that the motion filed on October 28, 2009, titled "Motion to Vacate Petitioner's Illegal Conviction, in Light of the Eleventh Circuit (USCA) 10 June 2009 Order 09-12658(F)  Which Reveals Petitioner's 'Actual Innocent [sic],' the 'Lack of Subject Matter Jurisdiction' and the Government Attorney's Fraud to the Grand Jury, Brief in Support" is denied as moot. It is

FURTHER ORDERED that a certificate of appealability is denied.

DATED at Denver, Colorado, this 11th day of January, 2010.

BY THE COURT:

CHRISTINE A. ARGUELLO
United States District Judge for
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 09-cv-02538-BNB

Andre J. Twitty
Reg. No. 18558-018
ADX – Florence
PO Box 8500
Florence, CO 81226-8500

     I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on___1/11/10___

GREGORY C. LANGHAM, CLERK

By:_____
         Deputy Clerk